IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANK NAGI, | ) CASE NO. 4:15 CV 983 |
| | ) |
| Petitioner, | ) JUDGE JACK ZOUHARY |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| RALPH HANSON, | ) |
| | ) |
| Respondent. | ) **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Frank Nagi for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Nagi was convicted by the United States District Court for the Eastern District of New York in 2011 of conspiracy to distribute narcotics, tampering with a witness and perjury[3] and was sentenced to six and a half years, with a five-year term of supervised release.[4] He was incarcerated at the Federal Correctional Institute in Lisbon, Ohio.

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Jack Zouhary by non-document order dated August 28, 2015.

[2] ECF # 1.

[3] ECF # 7 at 1.

[4] *Id*.

Nagi raises one ground for habeas relief.[5] The Government has filed a return of the writ arguing that the petition is without merit and should be dismissed.[6] Nagi has filed a traverse.[7]

For the reasons that follow, I will recommend Nagi's petition be denied.

**Facts**

**A.     Underlying facts, conviction, and sentence**

On April 25, 2011, Nagi was sentenced in the United States District Court for the Eastern District of New York to a 78-month term of imprisonment, with a five year term of supervised release to follow.  Nagi was also sentenced on April 11, 2013, to a three month term of imprisonment for possession of a prohibited object (cell phone) in violation of 18 U.S.C. § 1791(A)(2).[8]

Nagi self-surrendered to the Morgantown, West Virginia federal prison on July 11, 2011.[9]   In July of 2014, Nagi was evaluated by his Unit Team for Residential Reentry Placement ("RRC").[10]   On September 23, 2015, Nagi was recommended for a RRC

---

[5] ECF # 1.

[6] ECF # 7.

[7] ECF # 8.

[8] ECF # 7 at 1.

[9] ECF #1 at 10.

[10] ECF # 7 at 3.

placement date of 121-150 days.[11] Nagi is challenging the length of his placement in a RRC contending that his Unit Team failed to consider him for a RRC placement of 240 days.[12]

**B. Administrative remedies**

*1. Warden level*

On December 8, 2014, Nagi appealed to the Warden of the Elkton Federal Correctional Facility.[13] In his appeal, Nagi raised the following issue:

> 1. Challenge to FBOP's RRC recommendation for failure to exercise its discretion, and instead, its use of inaccurate, and stale information to reach an arbitrary conclusion of RRC placement, thereby denying to petitioner the same benefit afforded to inmates similarly situated.[14]

The warden denied the relief requested by Nagi that same day.[15]

*2. Regional level*

---

[11] *Id.*

[12] ECF #1 at 2, ECF # 7 at 2.

[13] ECF #1 at 2.

[14] *Id*.

[15] *Id*.

On December 15, 2014, Nagi appealed to the Federal Bureau of Prisons ("FBOP") North Central Regional Office in Philadelphia.[16] In his appeal, Nagi raised the same issue as in his underlying appeal.[17] On January 15, 2015 relief was denied.[18]

### 3. *Central office*

On February 3, 2015, Nagi appealed to the FBOP Central Office in Washington, D.C. In his appeal, Nagi again raised the same issue.[19] Nagi states that he did not receive a response from the Central Office.[20]

### C. **Petition for writ of habeas corpus**

On May 18, 2015, Nagi filed a federal petition for habeas relief.[21] As noted above, he raises one ground for relief:

> GROUND ONE: Petitioner was denied his right to due process and to equal protection where, in carrying out its authority under 42 U.S.C. § 17501 in recommending placement in a residential reentry center, the respondent failed to exercise its discretion and made an arbitrary decision that did not take into account required factors under 18 U.S.C. § 3621(b).[22]

---

[16] *Id*. at 3.

[17] *Id*.

[18] *Id*.

[19] *Id*.

[20] *Id*.

[21] ECF # 1.

[22] *Id*. at 6.

**D. Analysis**

*1. Nagi's sole ground for relief – challenging the length of his placement in a residential reentry center – should be dismissed as moot because Nagi has been released from federal prison.*

In Nagi's sole ground for relief, he claims that the Federal Bureau of Prisons ("the BOP") violated his due process and equal protection rights in recommending placement in a residential reentry center ("RRC") without taking into account the statutorily prescribed factors.[23] Specifically, he argues that the BOP's decision to place him in a RRC for only 121 to 150 days was based on inaccurate and outdated information.[24] The government contends this claim lacks merit.[25]

Under Article III of the Constitution, a federal court has jurisdiction only over actual "cases or controversies."[26] "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit."[27] Thus, "throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the

---

[23] *Id*. at 6.

[24] *Id*. at 13-18.

[25] ECF # 7.

[26] U.S. Const. art. III, § 2.

[27] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).

defendant and likely to be redressed by a favorable judicial decision.'"[28] "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," the case becomes moot.[29] Mootness is a jurisdictional issue, which may be raised by a court *sua sponte*.[30]

Of relevance here, "[p]ost-release habeas petitions challenging the conditions of confinement are almost necessarily moot, for courts normally cannot offer any habeas redress in such circumstances."[31] The Supreme Court has explained,

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.[32]

---

[28] *Id*. (quoting *Lewis*, 494 U.S. at 477).

[29] *Powell v. McCormack*, 395 U.S. 486, 496 (1969). *See also Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (A case is moot and outside the court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief.").

[30] *See, e.g., North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

[31] *Gentry v. Deuth*, 456 F.3d 687, 693-94 (6th Cir. 2006).

[32] *Spencer*, 523 U.S. at 7 (citation omitted).

Accordingly, to sustain jurisdiction in this case, "'it is not enough that a dispute was alive when [Nagi's] habeas corpus petition was filed in the district court. [Nagi] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision.'"[33]

In this case, Nagi merely challenges the BOP's determination of the length of his RRC placement, not the length of the sentence itself. Whatever collateral consequences may have existed by the presence of an improper conviction on Nagi's record does not exist here, where the issue was simply the amount of time within the sentence that Nagi could serve on RRC placement. Though he was in federal custody when he filed his petition in May 2015, it appears he was released from federal prison on March 21, 2016 at the termination of his sentence.[34] Nagi's claim is moot, therefore, and the Court lacks jurisdiction over his petition.[35]

---

[33] *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *Brock v. U.S. Dept. of Justice*, 256 Fed. Appx. 748, 750 (6th Cir. 2007)).

[34] *See* https://www.bop.gov/inmateloc/ (the on-line Inmate Locator Service maintained by the Federal Bureau of Prisons to provide information to the public about the location of federal inmates). *See also Demis*, 558 F.3d at 513 n.2 ("The Court is permitted to take judicial notice of information on the Inmate Locator Service.") (internal quotation marks and citation omitted); Fed. R. Evid. 201(c)(1) (federal courts may take judicial notice of information on its own).

[35] Even if Nagi's claim were not moot, it would be denied as meritless. Federal prisoners have no statutory or constitutional right to a particular length of placement in a RRC. The Sixth Circuit has stated that prisoners have "no inherent constitutional right to placement in any particular prison or in any particular section within the prison system." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). In addition, federal statutory law grants the BOP broad discretion in designating a federal inmate's place of imprisonment, provided it conducts an individualized evaluation of the inmate's suitability for placement in light of five enumerated factors. *See* 18 U.S.C. § 3621(b) (providing that "[t]he Bureau may designate any available penal or correctional facility that meets minimum standards of health

## Conclusion

For the foregoing reasons, I recommend that the petition of Frank Nagi for a writ of habeas corpus be denied.


Dated: August 31, 2016                                   s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[36]

---

and habitability" and it may at any time "direct the transfer of a prisoner from one penal or correctional facility to another"); 18 U.S.C. § 3624(c)(1) (increasing possible duration of pre-release RRC assignments from a maximum of six months to a maximum of twelve months). Here, the BOP complied with its statutory obligations by conducting two separate individualized assessments of Nagi's suitability for RRC placement and recommending a term of 121-150 days.  *See* ECF # 7, Attachment 1.  Nagi's claim lacks merit.

[36] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).